UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
                         Plaintiff, )
)
      v. )
)
WW CONTRACTORS, INCORPORATED )
115 W. Mulberry Street )
Baltimore, Maryland 21201 )
)
    Serve: Resident Agent )
          Warren J. Wiggins )
          3605 Garth Manor Court )
          Woodstock, Maryland 21163, )
)
                        Defendant. )

## COMPLAINT

(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE
BENEFIT FUND, FOR A PAYROLL AUDIT AND FOR ADDITIONAL RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant WW Contractors, Incorporated is a Maryland corporation with an office located at 3605 Garth Manor Court, in Woodstock, Maryland, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreements and a trust agreement and for additional equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local Union Nos. 406, 835 and others ("Agreements") that govern the wages, benefits and terms and conditions of employment of certain employees performing covered work for the Defendant within the jurisdiction of the Local Unions.

7. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Agreements.

8. During the period of April 2017 to September 2017 the Defendant employed employees performing work covered by the Agreements.

9. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

12. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 11 as if fully set forth in this Count I.

13. The Defendant has failed to report and pay contributions owed to the Plaintiff as required by the Agreements on account numbers 213119 and 215916 for the months of April 2017 to September 2017. Based on previous reports prepared by the Defendant for these accounts, the Plaintiff estimates the amount of contributions owed is approximately $58,000.00.

14. The Defendant failed to pay $40.51 in contributions owed on account number 212375 for the work month of July 2017.

15. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest owed for unpaid contributions owed to the Plaintiffs.

17. The Plaintiff is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

18. Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (FOR PAYROLL AUDIT)

19. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in this Count II.

20. An audit of the Defendant's records from January 2017 through the date the audit is performed will permit the Plaintiff to determine the exact amount owed by the Defendant to the Plaintiff pursuant to the Agreements.

21. Under the terms of the Plaintiff's Restated Agreement and Declaration of Trust, Plaintiff is entitled to conduct an audit of Defendant's records, at the Defendant's expense.

## COUNT III

### (STATUTORY DAMAGES OWED FOR LATE PAYMENTS)

22. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in this Count III.

23. During the work months of April 2017 to September 2017 the Defendant made payments on account number 214493 to the Plaintiff late.

24. The Agreements and Section 502(g)(2) of ERISA provide that interest and liquidated damages shall be paid by the Defendant to the Plaintiff for late payments.

25. The Defendant has failed to pay the liquidated damages and interest for late paid contributions owed to the Central Pension Fund.

26. The Central Pension Fund is entitled to judgment against the Defendant for all liquidated damages and interest owed on late paid contributions in the approximate amount of $4,274.31.

**WHEREFORE,** Plaintiff prays judgment against the Defendant on Counts I, II and III as follows:

A.  For unpaid contributions due and owing to the Plaintiff for unreported work performed during the months of April 2017 to September 2017 as requested in Count I.

B.  For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at the Defendant's cost for the period of January 2017 through the date the audit is completed as requested in Count II.

C.  For interest and liquidated damages for any late contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust as requested in Count III.

D.  For any and all contributions, liquidated damages, and interest owed to the Plaintiff which become due as a result of the audit, or become due up to the date of judgment plus costs, interest, liquidated damages, audit and reasonable attorneys' fees pursuant to the Agreements, Restated Agreement and Declarations of Trust, and 29 U.S.C. § 1132(g)(2).

E.  Costs and reasonable attorneys' fees for collection as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

F.  Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 3, 2017

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*